**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ERIN TURCO PLOPLIS,
            *Plaintiff-Appellant,*

v.

PANOS HOTEL GROUP, LLC, d/b/a
Panos Hotel Group; HAMPTON INN &
SUITES OF PINEVILLE,
            *Defendants-Appellees.*

No. 03-1873

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Russell A. Eliason, Magistrate Judge.
(CA-01-592-1)

Submitted: December 19, 2003

Decided: January 12, 2004

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Roman C. Pibl, KLUTTZ, REAMER, BLANKENSHIP, HAYES &
RANDOLPH, L.L.P., Salisbury, North Carolina, for Appellant. D.
Christopher Osborn, HORACK, TALLEY, PHARR & LOWNDES,
P.A., Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Erin Turco Ploplis filed an action alleging her former employer, Panos Hotel Group, Inc. ("Panos"), demoted her due to her pregnancy, in violation of 42 U.S.C. § 2000e-2(a) (2000). Panos moved for summary judgment, and the district court granted the motion. Ploplis timely appealed. Finding no reversible error, we affirm.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

A pregnancy discrimination claim is analyzed identically to any other Title VII sex discrimination claim. *See DeJarnette v. Corning, Inc.*, 133 F.3d 293, 297 (4th Cir. 1998). To establish a prima facie case of discriminatory demotion, Ploplis must show: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) at the time of the adverse employment action, she was performing at a level that met Panos' legitimate job expectations; and (4) the position was filled by a similarly qualified applicant outside the protected class. *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir. 1999).

If Ploplis establishes a prima facie case, Panos must articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). Ploplis must then show that Panos' proffered reason was a pretext for illegal discrimination. *Id.* at 143. The court may consider

the evidence supporting Ploplis' prima facie case in determining whether Panos' explanation is pretextual. *Id.* Ploplis has the ultimate burden of establishing Panos discriminated against her because of her pregnancy. *Id.* (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

The magistrate judge found Ploplis could not establish a prima facie case because she could not show she was meeting the legitimate expectations of Panos at the time of her demotion, or that she presented evidence giving rise to a reasonable inference of discrimination. The magistrate judge further found that even if Ploplis could show a prima facie case, she did not present sufficient facts to support a reasonable inference of discrimination based on her pregnancy. Even if we were to conclude that Ploplis set forth sufficient facts to establish a prima facie case, our review of the record convinces us that Ploplis has not shown Panos' legitimate non-discriminatory reason for demoting her was pretextual. Moreover, we conclude that the evidence, taken in the light most favorable to Ploplis, would not permit a rational factfinder to conclude Panos' demotion was discriminatory. *Anderson*, 477 U.S. at 251.

Accordingly, we affirm on the reasoning of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*